[Cite as *State v. Hunter*, 2021-Ohio-3138.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

STATE OF OHIO

COURT OF APPEALS NO. {48}L-20-1122

APPELLEE

TRIAL COURT NO. CR0201902279

V.

RIDNEY D. HUNTER

**DECISION AND JUDGMENT**

DECIDED: September 10, 2021

APPELLANT

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

John F. Potts, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Ridney Hunter, appeals the July 2, 2020 sentencing

judgment entry of the Lucas County Court of Common Pleas following his plea of guilty

pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Because we find that appellant's sentence was in accordance with law, we affirm.

{¶ 2} Appellant was indicted on four counts: aggravated robbery, felonious assault, discharge of a firearm on or near a prohibited premises, and obstructing official business. The first three charges contained firearm specifications. The charges stemmed from an incident on July 13, 2019, which began as a physical confrontation and escalated to gunfire and theft of a motor vehicle.

{¶ 3} On May 28, 2020, appellant entered *Alford* pleas to the charges of aggravated robbery, a first-degree felony with a firearm specification under R.C. 2941.145, discharge of a firearm, a third-degree felony with a firearm specification under R.C. 2941.145, and attempted obstructing official business, a first-degree misdemeanor.[1] At the plea hearing, the state provided that appellant, after instigating and engaging in a fistfight with the victim at a gas station, pulled out his firearm and began shooting at the victim who ran off on foot. Appellant then got into the victim's vehicle and drove after the victim while continuing to discharge his firearm. The vehicle was found abandoned and damaged. The day after the incident, appellant fled to the roof of his home after police arrived; he had to be removed by the fire department. A firearm was found in the home.

---

[1]Appellant also admitted to a community control violation in case No. CR-18-1420, and entered a plea in case No. CR-19-1964. These cases are not before us on appeal.

2.

{¶ 4} Appellant's initial sentencing hearing was held on June 18, 2020. Discussion was had regarding whether the firearm specifications on the two felony counts should be merged. Appellant contended that because the conduct underlying the specifications was part of the same course of action, the mandatory terms should merge. The state, per the terms of the plea agreement, did not make a recommendation at sentencing. The court rejected the merger argument and sentenced appellant to a five to seven and-a-half year sentence with a three-year term for the firearm specification for the aggravated robbery count and 36 months for the discharge of a firearm on or near a prohibited premises with a mandatory three years for the firearm specification. The felonies were to be served concurrently and the three-year firearm specifications to be served consecutively.

{¶ 5} The court, sua sponte, called the matter for resentencing on June 30, to ensure it thoroughly explained the various changes in Ohio's felony sentencing structure following the 2018 enactment of the Reagan Tokes Law. Appellant was given the same sentence and this appeal followed with appellant raising the following assignment of error:

Assignment of Error: It constituted error not to merge the firearm specifications which each arose from the same single criminal transaction.

{¶ 6} Appellant's sole assignment of error challenges the court's decision to sentence him to consecutive, three-year sentences on each firearm specification attached

3.

to his felony convictions. Appellant argues that the specifications were subject to merger because each arose from the same transaction.

{¶ 7} The firearm specification, R.C. 2929.145, attached to each felony count provides:

(A) Imposition of a three-year mandatory prison term upon an offender under division (B)(1)(a)(ii) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. * * *.

(B) Imposition of a three-year mandatory prison term upon an offender under division (B)(1)(a)(ii) of section 2929.14 of the Revised Code is precluded if a court imposes a one-year, eighteen-month, six-year, fifty-four-month, or nine-year mandatory prison term on the offender under division (B)(1)(a)(i), (iii), (iv), (v), or (vi) of that section relative to the same felony.

(C) The specification described in division (A) of this section may be used in a delinquent child proceeding in the manner and for the purpose described in section 2152.17 of the Revised Code.

4.

* * *

(F) As used in this section, "firearm" has the same meaning as in section 2923.11 of the Revised Code.

{¶ 8} Sentences for firearms specifications convictions are controlled by R.C. 2929.14(B), which relevantly provides:

(B)(1)(a) Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:

* * *

(b) If a court imposes a prison term on an offender under division (B)(1)(a) of this section, the prison term shall not be reduced pursuant to section 2967.19, section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. Except as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction.

The exception referenced above, R.C. 2929.14(B)(1)(g), states:

(g) If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder,

attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 9} This court has applied the above-quoted section in finding that a trial court did not err in failing to merge firearm specifications at sentencing. *State v. Tellis*, 2020-Ohio-6982, 165 N.E.3d 825 (6th Dist.). In *Tellis*, the defendant was convicted of aggravated robbery and felonious assault, with firearm specifications, the sentences, including the mandatory three-year sentences for the firearm specifications, were all ordered to be served consecutively. *Id.* at ¶ 55. We concluded that because the defendant was convicted of two or more felonies, and at least one of the felonies was specifically listed in the statute, the court was required to impose a consecutive sentence as to the "'each of the two most serious specifications * * *.'" *Id.* at ¶ 85, quoting R.C. 2929.14(B)(1)(g). *Accord State v. Lewis*, 6th Dist. Lucas No. L-18-1069, 2019-Ohio-3929, ¶ 50, where the defendant was convicted of two counts of felonious assault with firearms specifications under R.C. 2941.145,

6.

* * * the trial court was required to impose, pursuant to R.C. 2929.14(B)(1)(g), a three-year prison term as specified in R.C. 2929.14(B)(1)(a)(ii), for each of the two firearm specifications, and was required, under R.C. 2929.14(C)(1)(a), to order those two, three-year prison terms to be served consecutively to each other, consecutively to and prior to the prison terms imposed for the underlying felonies and consecutively to any other mandatory prison term imposed.

{¶ 10} In the present case, appellant was convicted of the felonies of aggravated robbery and discharge of a firearm on or near a prohibited premises. Aggravated robbery is specifically listed in R.C. 2929.14(B)(1)(g), and appellant was convicted of two firearm specifications under R.C. 2941.145, one on each felony count. Thus, the trial court did not err by imposing sentences for both specifications.[2] Appellant's assignment of error is not well-taken.

{¶ 11} On consideration whereof, we affirm the July 2, 2020 judgment of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

---

[2]The cases relied upon by appellant either predate the 2008 effective date of the version of the statute which added the exception to merger or involve the imposition of five-year mandatory imprisonment terms under R.C. 2941.146 (the firearm discharge specification.)

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski
_____

_____
JUDGE

Thomas J. Osowik
_____

_____
JUDGE

Myron C. Duhart
_____
CONCUR

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.